Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Telephone: (856) 429-8334
Attorney of Record: Amy Lynn Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BETH WIGHT, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| COMENITY BANK, | |
| Defendant. | **(Unlawful Debt Collections Practices)** |

## COMPLAINT

BETH WIGHT ("Plaintiff"), by and through her counsel, Kimmel & Silverman, P.C., alleges the following against COMENITY BANK ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Normandy Beach, New Jersey 08739.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a lender with its principal place of business located at One Righter Parkway, Suite 100, Wilmington, Delaware 19803.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that she has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or around mid April 2015, and continuing through July 2015, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

14. Defendant's call originated from the numbers including, but not limited to: (913) 563-5512, (614) 729-5607, (913) 312-3223, (720) 456-3688, (614) 754-4056, (614) 212-5292 & (614) 212-5288. The undersigned has confirmed that these numbers belong to Defendant.

15. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Plaintiff knew Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as an automated message would play when she answered the telephone.

17. Defendant's automated messages identified the name of the Defendant.

18. Defendant's telephone calls were not made for "emergency purposes."

19. In mid April, when the calls began, Plaintiff revoked any consent previously given to Defendant to place telephone calls to her cellular telephone number.

20. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

21. Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff, after mid April 2015 were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, BETH WIGHT, respectfully prays for judgment as follows:

   a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

   b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

   c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

   d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

   e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BETH WIGHT, demands a jury trial in this

case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

                                      Respectfully submitted,

Dated: September 4, 2015         By: /s/ Amy Lynn Bennecoff Ginsburg
                                          Amy Lynn Bennecoff Ginsburg, Esquire
                                          Kimmel & Silverman, P.C.
                                          1930 East Marlton Pike, Suite Q29
                                          Cherry Hill, NJ 08003
                                          Phone: (856) 429-8334
                                          Facsimile: (877) 788-2864
                                          Email: aginsburg@creditlaw.com